## VENTURA MUNICH, Plff.,

*v.*

## RAMÓN VALDÉS, Dft.

San Juan, Law, No. 504.

1. **Statements** by a juror after a verdict and the discharge of the jury,

Note.—*Damages; verdict.*—As to excessive verdicts in suits for damages

Munich v. Valdés.

as to what evidence the jury based its verdict on, are inadmissible to support a motion for a new trial.

2. A verdict not shown to be the result of mistake, passion, or prejudice will not be set aside simply because the court is of a different opinion.

3. A verdict of $3,000 is not excessive for damages to a man seventy-five years old, for negligence which resulted in breaking his thigh and in disabling him for life.

Opinion filed January 3, 1908

*Messrs. Sweet, Rossy, & Campillo,* attorneys for **plaintiff.**

*Mr. Thomas D. Mott, Jr.,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

This matter is before us on a motion for a new trial. It is an action for personal injuries. The plaintiff, an old man, seventy-five years of age. The defendant is the owner of and operating a little railroad some 5 or 6 miles long, running from Bayamon to Cataño across the bay from San Juan, Porto Rico. The accident is said to have occurred on November 11, 1906. The cause was tried before a jury on the 25th of November, 1907, and a verdict rendered in favor of plaintiff for the sum of $3,000. The amount claimed in the complaint was $3,500. The evidence tended to show that the old man was a passenger on the train, and that, as he was proceeding to leave the car at a regular stopping place, it was started so suddenly before he had stepped down from it as to throw him violently to the

for personal injuries, see note to Standard Oil Co. v. Tierney, 14 L.R.A. 677, which is referred to in the above opinion.

As to damages for personal injury from negligence, see note to Pennsylvania Co. v. Roy, 26 L. ed. U. S. 141.

Munich v. Valdés.

ground, he being knocked senseless and his upper thigh bone being broken, which resulted in a shortening of his leg and making him, according to the evidence of the physician, a cripple for life. In fact, he appeared to be in a very lame and weak condition when testifying on the stand, more than a year after the accident. The evidence also tended to show that he was carried to the hospital, suffering intensely, and remained unconscious for some time, and that he had to have his leg in a plaster cast for some two and a half months thereafter, and had to be nursed continuously for many months. Further, that his doctor's bill, of which he had paid $100, was the sum of $500.

The motion for a new trial complains that the verdict for the sum of $3,000 is excessive and disproportionate to the injury inflicted on the plaintiff, as shown by the evidence, and that the verdict was given under the influence of passion or prejudice, and that it is contrary to the evidence, and contrary to a preponderance thereof, and because it was returned in total disregard of the evidence presented by the defendant in support of the motion.

The new trial is asked on the further ground of newly discovered evidence, which it is stated would cause a different verdict to be returned if a new trial were granted. This is said to be that one of the witnesses for the plaintiff was trying to settle the case with the defendant himself some months before the suit was brought, and, because of his failure in that regard, such witness was not in fact an impartial witness at the trial, as the jury supposed he was.

Counsel for defendant makes no claim that the case was not properly tried, and he makes no complaint against any action of the court in the premises, or as to its instructions to the jury. The several affidavits which he files to show what the earning

capacity and mode of life of this old man, the plaintiff, is, are,
we presume, presented with a view only to show that the verdict
is excessive from a compensation point of view, because they
would hardly be receivable at this time for any other purpose,
as they do not recite any newly discovered evidence.

Before proceeding to consider the merits of the motion, we
might state that the affidavit of counsel with reference to what
he was told by one of the jurors, Mr. O'Donnohue, after the
verdict was returned and the jury discharged, as to what evi-
dence the jury based the verdict on, cannot be received, as this
mode of attacking a verdict is not permissible. It surely is not
necessary to cite authorities on this point, because, were that
rule to prevail, it would result in juries being permitted to im-
peach their own verdicts in a manner that has never been con-
sidered proper. Therefore, as we stated to counsel at the hear-
ing on this motion, the only matter in connection with it that
we consider seriously is as to whether or not the verdict is in
fact excessive, considering the plaintiff's age, earning capa-
city, and the extent of the injury. We have been constrained
to consider this matter all the more seriously and carefully be-
cause of the fact that an appeal to the Supreme Court of the
United States from this court cannot be taken unless the verdict
or judgment is for a sum over $5,000, exclusive of costs or in-
terest, and for that reason the judgment of this court must be
final when it is for less than that amount.

We have a very distinct and clear recollection of the trial of
the cause, and must say that none of the prejudice and passion
which often enter into the trial of such causes in the States was
apparent, but, on the contrary, the cause was tried in a quite
dispassionate and courteous manner from beginning to end.

We have examined the text writers and the special works on

Munich v. Valdés.

personal injury cases at some length since the argument of this motion, and we find it to be the settled law, that there is no definite rule to fix what must be the damages in any particular case. We also find it to be the settled law that it is no part of the duty of a court to interfere with or set aside the verdict of a jury when it cannot be said that their verdict was the result of mistake, passion, or prejudice, simply because the court might be of opinion itself that the verdict is rather too high. In this case, to be frank about it, while we might not have put the damages quite as high as the jury did, we are not prepared to say that the verdict is in fact too high. Even though the plaintiff is an aged man, it is not certain that he will not live eight or ten years more, and his suffering, as disclosed by the evidence, was certainly intense and severe, and that he is crippled for life, in fact, almost totally disabled, was manifest to the court and jury from his appearance at the trial. Even though his earning capacity is not to exceed three or four hundred dollars a year, if he should live eight years, that would make $2,400, and after he pays $500 to a physician out of the amount of the recovery, and pays his counsel reasonable compensation, it cannot be said that he will be over compensated. We are aware, of course, that counsel fees, at least, cannot be considered as an element in the measure of his damages, but that he has to pay his counsel goes without saying.

We have taken pains to go through the authorities cited as a footnote to the case of Standard Oil Co. v. Tierney, 14 L.R.A. 677, where an extensive list is given of cases wherein courts considered the verdicts as excessive in suits for damages for personal injuries, and another list where courts considered verdicts not excessive. In many of these cases very large verdicts of $10,000 and upwards were held not excessive for injuries that

appear to us not nearly as grave or extensive as in the case at bar. In fact, we found but one case in all that long list of cases of what were held to be excessive verdicts, that, as to its amount, resembled the case at bar, and that was a case in The Grecian Monarch, 32 Fed. 635, where a verdict of $3,638 was reduced to $1,200. It was one where a seaman fell through an open hatchway and was seriously wounded, but was discharged from the hospital in three months, with his wounds healed, although there was some evidence, but not corroborated, that four years later he still felt the effects of his fall. We have been able to find no case where a verdict was disturbed when it was as low as $3,000 and the injury even approached the seriousness of the one in the case at bar. While we concede the rule that courts must not disturb verdicts save to grant a new trial, they accomplish the same end in many cases, as this court did in the recent case of Stokes v. Dooley, ante, p. 1,—by ordering plaintiff to remit of record a certain portion of the recovery or that the new trial would be granted.

We are therefore constrained to overrule the motion for a new trial, and it is so ordered.